UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

TARAS P. NYKORIAK,

         Plaintiff,                                    Case No. 2:09-cv-12490

-v-                                                                                 Hon. Victoria A. Roberts

GMAC LLC,

         Defendant.

---

| | |
|---|---|
| ADAM S. ALEXANDER (P53584) | GARY K. AUGUST (P48730) |
| Attorney for Plaintiff | KARYN A. THWAITES (P66985) |
| 18930 W 10 Mile Rd, Ste. 2500 | Zausmer, Kaufman, August, |
| Southfield, MI 48075 | Caldwell & Tayler, P.C. |
| (248) 246-6353 | Attorneys for Defendant |
| adalesq@gmail.com | 31700 Middlebelt Road, Suite 150 |
| | Farmington Hills MI 48334 |
| | (248) 851-4111 |
| | gaugust@zkact.com |
| | kthwaites@zkact.com |

---

## GMAC LLC'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant GMAC LLC, through its attorneys, ZAUSMER, KAUFMAN, AUGUST,

CALDWELL & TAYLER, P.C., answers Plaintiff's Complaint as follows:

### INTRODUCTION

1.      GMAC denies the allegations set forth in Paragraph 1 as untrue.

### PARTIES

2.      GMAC lacks knowledge or information sufficient to form a belief as to the truth

of the allegations set forth in Paragraph 2.

3.      GMAC admits the allegations set forth in Paragraph 3.

4.      GMAC admits the allegations set forth in Paragraph 4.

**JURISDICTION**

5.      GMAC denies the allegations set forth in Paragraph 5 and has removed the matter to this Court.

6.      GMAC denies the allegations set forth in Paragraph 6 and has removed the matter to this Court.

**GENERAL ALLEGATIONS**

7.      GMAC admits that it does business in Michigan and that it has a resident agent in Michigan, but denies the remaining allegations set forth in Paragraph 7 as untrue.

8.      GMAC admits the allegations set forth in Paragraph 8.

9.      GMAC admits that it repossessed the 2004 Chevrolet Suburban upon Plaintiff's default, but denies the remaining allegations set forth in Paragraph 9 as untrue.

10.     GMAC denies the allegations set forth in Paragraph 10 as untrue.

11.     GMAC admits that the 2004 Chevrolet Suburban was sold and a deficiency balance created, but denies the remaining allegations set forth in Paragraph 11 as untrue.

12.     GMAC admits that it reported a high balance of over $37,000 to the credit bureaus, but denies the remaining allegations set forth in Paragraph 12 as untrue.

13.     GMAC denies the allegations set forth in Paragraph 13 as untrue.

14.     GMAC denies the allegations set forth in Paragraph 14 as untrue.

15.     GMAC denies the allegations set forth in Paragraph 15 as untrue.

16.     GMAC denies the allegations set forth in Paragraph 16 as untrue.

17.     GMAC denies that it reported any inaccurate information to the credit bureaus, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17.

2

18.    GMAC denies the allegations set forth in Paragraph 18 as untrue.

19.    GMAC denies the allegations set forth in Paragraph 19 as untrue.

20.    GMAC denies the allegations set forth in Paragraph 20 as untrue.

21.    GMAC denies the allegations set forth in Paragraph 21 as untrue.

## COUNT I

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 14 U.S.C. § 1681

22.    GMAC incorporates by reference its responses to the allegations set forth in this Complaint.

23.    GMAC denies the allegations set forth in Paragraph 23 as untrue.

24.    GMAC denies the allegations set forth in Paragraph 24 as untrue.

25.    GMAC denies the allegations set forth in Paragraph 25 as untrue.

26.    GMAC denies the allegations set forth in Paragraph 26 as untrue.

27.    GMAC denies the allegations set forth in Paragraph 27 as untrue.

28.    GMAC denies the allegations set forth in Paragraph 28 as untrue.

29.    GMAC denies the allegations set forth in Paragraph 29 as untrue.

30.    GMAC denies the allegations set forth in Paragraph 30 as untrue.

## COUNT II

## UNIFORM COMMERCIAL CODE AND MCLA 492.115

31.    GMAC incorporates by reference its responses to the allegations set forth in this Complaint.

32.    GMAC admits the allegations set forth in Paragraph 32.

33.    GMAC denies the allegations set forth in Paragraph 33 as untrue.

34.    GMAC denies the allegations set forth in Paragraph 34 as untrue.

WHEREFORE, Defendant GMAC prays for dismissal of all Plaintiffs' claims against GMAC with prejudice and that GMAC be awarded its costs and fees allowed under law.

ZAUSMER, KAUFMAN, AUGUST,
CALDWELL & TAYLER, P.C.

/s/Karyn A. Thwaites
GARY K. AUGUST (P48730)
KARYN A. THWAITES (P66985)
Attorney for Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
(248) 851-4111

Dated: June 30, 2009

## **AFFIRMATIVE DEFENSES**

1.     Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

2.     Plaintiff's claims are barred, in whole or in part, due to the statute of limitations.

3.     Plaintiff's claims are barred, in whole or in part, due to failure to mitigate damages.

4.     Plaintiff's claims are barred, in whole or in part, due to the comparative negligence and actions or non-actions of Plaintiffs and other parties and non-parties.

5.     Plaintiff's claims are barred, in whole or in part, due to the terms of the statutes cited by Plaintiff and immunity granted by law.

6.     Plaintiff's claims are barred, in whole or in part, due to the existence and terms of a contract between Plaintiff and GMAC and the disclosures made with respect to that contract.

7.     Plaintiff's claims are barred, in whole or in part, under the doctrines of res judicata and collateral estoppel.

8.     Plaintiff's claims are barred, in whole or in part, because of GMAC's rights of setoff and recoupment.

9.     If GMAC's conduct has resulted in a violation of the Fair Credit Reporting Act, which GMAC specifically denies, any such violation was not willful within the meaning of 15 U.S.C. § 1681n.

10.     Plaintiff's claims are barred, in whole or in part, because a private plaintiff cannot seek injunctive relief under the Fair Credit Reporting Act.

11.     Plaintiff's claims are barred, in whole or in part, because GMAC has reasonable procedures in place to assure accuracy in accordance with the Fair Credit Reporting Act.

12.     GMAC reserves the right to add other affirmative defenses as the case proceeds.

ZAUSMER, KAUFMAN, AUGUST,
CALDWELL & TAYLER, P.C.

/s/Karyn A. Thwaites
GARY K. AUGUST (P48730)
KARYN A. THWAITES (P66985)
Attorney for Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
(248) 851-4111

Dated: June 30, 2009

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 30, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Adam S. Alexander (P53584)
18930 W. Ten Mile Road, Suite 2500
Southfield MI 48075
(248) 246-6353
adalesq@gmail.com


and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

Adam S. Alexander (P53584)
18930 W. Ten Mile Road, Suite 2500
Southfield MI 48075
(248) 246-6353
adalesq@gmail.com

ZAUSMER, KAUFMAN, AUGUST,
CALDWELL & TAYLER, P.C.

/s/Karyn A. Thwaites_____
GARY K. AUGUST (P 48730)
KARYN A. THWAITES (P66985)
Attorney for Defendant
31700 Middlebelt Road, Suite 150
Farmington Hills, MI 48334
(248) 851-4111
kthwaites@zkact.com

Dated: June 30, 2009