**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**TARAS P. NYKORIAK,**

             **Plaintiff(s),**        **CASE NUMBER: 09-12490**
                                    **HONORABLE VICTORIA A. ROBERTS**

**v.**

**GMAC LLC,**

             **Defendant(s).**
_____/

**<u>ORDER</u>**

      On August 9, 2006, Plaintiff Taras P. Nykoriak entered into a Retail Installment

Sale Contract with Hamilton Chevrolet to purchase a 2004 Chevrolet Suburban.

      Nykoriak defaulted on the contract, and GMAC repossessed the SUV in January

2007.  On January 10, 2007, GMAC sent Nykoriak a Notice of Our Plan to Sell Property.

      Nykoriak failed to redeem the SUV.  The SUV was sold at an auction on

February 27, 2007.

      On September 28, 2007, GMAC filed a Complaint against Nykoriak in the 37th

District Court for $8,700.03 ($8,108.55 in damages, plus $591.48 for pre-filing interest).

On May 9, 2008, GMAC obtained a default judgment against Nykoriak for $8,916.52.

Nykoriak has not satisfied the judgment.

      On April 24, 2009, Nykoriak filed a Complaint in the 46th District Court for

violations of the Fair Credit Reporting Act ("FCRA"), and Michigan's Uniform

Commercial Code.

The case was removed to this Court on June 24, 2009.

Before the Court are two motions: (1) GMAC's Motion for Summary Disposition (Doc. #16); and (2) Nykoriak's Motion for Summary Judgment Under Fed. R. Civ. P. 56 (Doc. #17).  GMAC asks the Court to dismiss Nykoriak's Complaint in its entirety. Nykoriak asks the Court for summary judgment on the FCRA claim only.

## II.   STANDARD OF REVIEW

Fed. R. Civ. P. 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  In reviewing a motion for summary judgment, "the evidence as well as all inferences drawn therefrom must be read in a light most favorable to the party opposing the motion."  *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986).

The movant has the initial burden to demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  If the movant meets this burden, the nonmoving party must, by affidavit or otherwise as provided by Rule 56, "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The essential inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.  If the

2

nonmoving party does not respond with specific facts showing a genuine issue for trial, summary judgment is appropriate. *Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989).

III.    **APPLICABLE LAW AND ANALYSIS**

A.    **Fair Credit Reporting Act**

1.    **15 U.S.C. §1681s-2(a)(1)(A) and 15 U.S.C. §1681s-2(a)(3)**

Nykoriak says GMAC violated 15 U.S.C. §1681s-2(a)(1)(A) and 15 U.S.C. §1681s-2(a)(3).

Section 1681s-2(a) states that furnishers of information must provide accurate information to consumer reporting agencies.  However, section 1681s-2(a) does not create a private right of action.  *See Daniel v. Asset Acceptance L.L.C.*, 2007 WL 3124640 at *3 (E.D. Mich. Oct. 23, 2007) (citations omitted).

These claims are dismissed.

2.    **15 U.S.C. §1681s-2(b)**

GMAC reported to the credit reporting agencies that Nykoriak owes a "high balance" of $37,577.00.  GMAC says this amount is the "Total of Payments" in the Retail Installment Sale Contract – the amount Nykoriak will have paid after Nykoriak made all payments as scheduled.  According to GMAC, each time it received notice from a credit reporting agency that Nykoriak disputed the "high balance," it conducted an investigation, and verified that the $37,577.00 amount was accurate based on "EOSCAR," a credit bureau website that defines "high credit" as "[t]he highest balance ever attained on the account."

15 U.S.C. §1681s-2(b) says:

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall --

(A)   conduct an investigation with respect to the disputed information;

(B)   review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

(C)   report the results of the investigation to the consumer reporting agency;

(D)   if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)   if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

    (i)   modify that item of information;

    (ii)   delete that item of information; or

    (iii)   permanently block the reporting of that item of information.

To succeed on this claim, Nykoriak must prove: (1) GMAC did not conduct a reasonable investigation; and (2) the amount GMAC reported to the credit reporting agencies was inaccurate. *See Spence v. TRW, Inc.*, 92 F.3d 380, 382 (6th Cir. 1996) ("A showing of inaccuracy is an essential element of a claim under the Fair Credit Reporting Act") (citations omitted).

Nykoriak says there is no genuine issue of material fact regarding whether GMAC conducted a reasonable investigation, or regarding whether the "high balance" GMAC reported to the credit reporting agencies was accurate.  Nykoriak presents a

document from GMAC that says Nykoriak has an "Unpaid balance" of $28,352.72.
According to Nykoriak, this is the amount that GMAC should have reported to the credit
reporting agencies.

The Court cannot resolve the reasonableness of GMAC's investigation on
summary judgment; "the reasonableness of an investigation generally is a question for
the trier of fact to resolve."  *Defer v. World Fin. Network Nat'l Bank*, 2007 WL 3026091
at *3 (E.D. Mich. Oct. 15, 2007) (citing *Westra v. Credit Controls of Pinellas*, 409 F.3d
825, 827 (7th Cir. 2005); *Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F.Supp.2d 492,
510 (D. Md. 2004); *Bruce v. First U.S.A. Bank, N.A.*, 103 F.Supp.2d 1135, 1143 (E.D.
Mo. 2000)).

In addition, there is a genuine issue of material fact regarding the "accurate"
amount that should be reported to the credit reporting agencies.  While the "Total of
Payments" amount is $37,576.80, a document that GMAC generated reports that
Nykoriak has an "Unpaid balance" of $28,352.72.  And, Nykoriak only financed
$27,693.21.  The Court cannot determine from the documents produced which amount
is accurate, nor can it determine how GMAC arrived at the $28,352.72 amount.

### B.   Michigan's Uniform Commercial Code

MCLA §440.9611 says:

(2)   Except as otherwise provided in subsection (4), a secured party
that disposes of collateral under section 9610 shall send to the
persons specified in subsection (3) a reasonable authenticated
notification of disposition.

(3)   To comply with subsection (2), the secured party shall send an
authenticated notification of disposition to all of the following:

(a)   The debtor.

5

(b)     Any secondary obligor.

Nykoriak says GMAC violated §440.9611 by sending notification to the wrong address.  Nykoriak says the notice was sent to P.O. Box 1706, Warren, MI 48090, instead of 12147 McDougall St., Hamtramck, MI 48212, which is the address listed on the Retail Installment Sale Contract.

The Court finds GMAC sent notification to the proper address.  *See* Affidavit of Taras Nykoriak at ¶5: "I have reviewed the 'NOTICE OF OUR PLAN TO SELL PROPERTY' document and it is addressed to a *forwarding address*[.]" (Emphasis added).  Indeed, while Nykoriak's receipt of the notice may have been untimely, Nykoriak admits that he did receive the notice: "I received this document after the vehicle was repossessed and had already been sold." *Id.*

This claim is dismissed.

**IV.     CONCLUSION**

GMAC's motion is **GRANTED IN PART AND DENIED IN PART**.  Nykoriak's claim under Michigan's Uniform Commercial Code, as well as the claims under 15 U.S.C. §1681s-2(a)(1)(A) and 15 U.S.C. §1681s-2(a)(3) are **DISMISSED**.  Nykoriak's claim under 15 U.S.C. §1681s-2(b) will proceed to trial.

Nykoriak's motion is **DENIED**.

6

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 12, 2010

The undersigned certifies that a copy of this
document was served on the attorneys of
record by electronic means or U.S. Mail on
May 12, 2010.

s/Linda Vertriest
Deputy Clerk